UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEORGE T. HRICHAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 06-59-B-W |
| | ) |
| MICHAEL PION, | ) |
| MICHAEL DURHAM, | ) |
| Defendants. | ) |

## ORDER ON DEFENDANTS' MOTION *IN LIMINE*

In conformity with a prior Order, the Court excludes the proposed testimony of Dr. John Gregory as a fact witness and limits the proposed testimony of the Plaintiff and his wife to what he felt and what they observed about his injuries, excluding any reference to a medical diagnosis, causation, or prognosis.

## I. STATEMENT OF FACTS

Dr. Gregory's testimony was first brought to the attention of the Court in late 2006, when the Defendants filed a motion *in limine* to exclude a number of the Plaintiff's experts based on asserted discovery violations. *Defs.' Mot. in Limine to Exclude Pl.'s Expert Witnesses* (Docket # 13). On December 13, 2006, the magistrate judge ruled that the Plaintiff's expert designation of Dr. Gregory "as recently supplemented and read to me during the telephone conference is adequate." *Report of Telephone Conf. and Order* at 2 (Docket # 17). She allowed the Defendants to take Dr. Gregory's deposition. *Id.* Dr. Gregory's deposition could not be scheduled until January 29, 2007 and the discovery deadline was extended upon consent motion to February 5, 2007. *Order* (Docket # 19).

At the deposition, it turned out that Dr. Gregory had examined Mr. Hrichak only once and briefly on October 23, 2006.  He had not found a plaque, which is a signal of the disease, and had not observed his penis in an erect state, which is necessary to make the diagnosis.  *Def.'s Mot. in Limine to Exclude the Testimony of Dr. John Gregory* at 2 (Docket # 26).  Dr. Gregory examined Mr. Hrichak the day after his deposition.  *Id.* at 3.  He then diagnosed Peyronie's disease by examining the penis and inducing an erection.  *Id.*  He also expressed an opinion that Mr. Hrichak's story about what happened at the time of the altercation is consistent with his development of the condition; however, there were "other explanations that could also explain the position that the patient now finds himself in."  *Id.*

On February 26, 2007, the Defendants filed another motion in limine.  *See Defs.' Mot. in Limine to Exclude Testimony of Dr. Gregory* (Docket # 20).  They contended that Dr. Gregory's expert opinion would be based on information collected after his deposition and after the discovery deadline had lapsed, and that it failed to satisfy the requirements of Federal Rule of Evidence 702.  *Defs.' Mot. in Limine* at 3-5  On April 18, 2007, the magistrate judge granted the Defendants' "motion to exclude testimony concerning the post-deposition examination . . . ."  *Order on Mot. to Exclude* at 1 (Docket # 37) (*Order*).  She also precluded "the plaintiff from attempting to introduce through Dr. Gregory any opinion testimony suggesting that the disease in question was more likely than not caused by the alleged assault."  *Id.*

This case is now scheduled for jury trial on Tuesday, August 7, 2007.  Mr. Hrichak has continued to list Dr. Gregory as a potential witness, but as a fact witness only.  *Pl.'s Am. Witness List* at 1 (Docket # 44).  Defendants move to exclude Dr. Gregory's testimony entirely:

> In accordance with the court's previous ruling on this issue, the only thing left for Dr. Gregory to testify about is what he knew prior to the deposition. At the time of the deposition, Dr. Gregory had only met the Plaintiff once for fifteen minutes on October 23, 2006. Dr. Gregory's opinion at the time of the deposition was solely based on what the Plaintiff told him. During the exam, Dr. Gregory did not feel a plaque on the Plaintiff's penis as he would have expected and he did not observe a curve in the Plaintiff's penis because he did not see the penis in its erect state.

*Defs.' Mot. in Limine* at 2 (Docket # 52) (*Defs.' Mot.*). On August 5, 2007, the Plaintiff filed an early response to the Defendants' motion. *Pl.'s Op. to Defs.' Mot. in Limine* (Docket # 63).

## II. DISCUSSION

### A. Dr. Gregory's Testimony

Defendants argue that Dr. Gregory's testimony is not admissible as either lay or expert testimony and the Court agrees. This issue was resolved by the magistrate judge's Order. She concluded not only that Dr. Gregory's examination of Mr. Hrichak was exceptionally brief and belated, but that his examination failed to reveal any indicia of the genital disease, about which Mr. Hrichak now complains. The magistrate judge ruled that Dr. Gregory "is precluded from offering at trial any testimony concerning information or opinions he obtained as a result of his January 30 examination of the plaintiff" and she further ruled that "the plaintiff is barred from attempting to introduce, through the testimony of Dr. Gregory, any evidence or opinion that the plaintiff's Peyronie's disease was more likely than not caused by the defendants' alleged assault against the plaintiff." *Order* at 7.

Although Mr. Hrichak responded to the Defendants' motion *in limine*, he did not address the proposed testimony of Dr. Gregory. The Court is left to speculate about what Dr. Gregory could say as a fact witness that the Order would not exclude as expert testimony.

3

Dr. Gregory was not a witness to the incident; his knowledge of Mr. Hrichak comes solely from his professional contact.  The magistrate judge's Order disallowed any expert testimony about Dr. Gregory's post-deposition examination and this leaves the doctor's sole contact with Mr. Hrichak a fifteen minute examination on October 23, 2006 at which he was unable to arrive at a diagnosis.  Absent any evidence that Dr. Gregory has admissible lay testimony to present to the jury, the Court agrees with the Defendants that the magistrate judge's Order excludes Dr. Gregory's testimony as a fact witness as well.  *See Bogosian v. Mercedes-Benz of N. Am.*, 104 F.3d 472, 476 (1st Cir. 1996) ("[T]he court performs a gatekeeping function to ascertain whether the testimony is helpful to the trier of fact, *i.e.*, whether it rests on a reliable foundation and is relevant to the facts of the case."); *Whitney v. Wal-Mart Stores, Inc*., 03-65-P-H, 2003 U.S. Dist. LEXIS 22629, *10-11 (D. Me. Dec. 16, 2003) ("The trial court must ensure that all expert testimony is not only relevant but reliable. . . . [E]xpert testimony should be excluded if it is speculative or conjectural . . . .").

### B.  Mr. and Ms. Hrichak's Testimony

Defendants next argue that any lay testimony referring to Mr. Hrichak's injury to his penis should be excluded under Rule 701.  Mr. Hrichak intends to call himself and his wife to testify about his injuries.  Again, the magistrate judge properly addressed this issue in her April 18, 2007 Order:  "Plaintiff may testify at trial to his injuries and the pain he suffered and the problems he has had since the incident, but he cannot use Dr. Gregory's expertise to give those circumstances a name and a medical diagnosis."  *Order on Mot. to Exclude* at 7.  This is entirely correct.

A lay witness is not competent to offer a self-diagnosis of the cause or nature of his impairment; however, he may testify "regarding subjective symptoms including, but not

limited to, pain from or the existence of bruises, cuts, and abrasions resulting from the beating . . . because it does not require the knowledge of an expert witness." *Townsend v. Benya*, 287 F. Supp. 2d 868, 875 (N.D. Ill. 2003); *Johnson v. Spencer Press of Me., Inc.*, 02-73-p-h, 2003 U.S. Dist. LEXIS 1058, *43 (D. Me. Jan. 24, 2003).  Thus, Mr. Hrichak may testify as to the nature of the alleged excessive force as well as symptoms he suffered following the incident.  Mr. and Ms. Hrichak may also testify as to what they observed.  Neither Mr. nor Ms. Hrichak may testify about a disease for which he has not been medically diagnosed; they may not suggest a causal relationship between the alleged use of excessive force and Peyronie's disease; and, they may not testify as to what the future may bring.

### III.  CONCLUSION

The Court GRANTS Defendants' Motion *in Limine* (Docket # 52) and orders the testimony of Dr. Gregory excluded in its entirety.  Although Mr. Hrichak will be allowed to testify about his symptoms and Mr. and Ms. Hrichak may testify about what they observed, neither may testify about a diagnosis of Peyronie's disease, any express inference of causality between his symptoms and this disease, or make any suggestion as to his prognosis.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2007